**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:16-CV-00333-RLV**

| | |
|---|---|
| ANNETTE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY BERYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff Annette Lewis's Motion for Attorney Fees under the Equal Access to Justice Act (the "Motion"). (Doc. 12). In the Motion, Plaintiff requests attorney's fees in the amount of $4,950.00, representing 27.75 hours of attorney work. *Id.* Plaintiff also requests reimbursement of the $400.00 filing fee paid to initiate this action. *Id.* Plaintiff represents that Defendant consents to the requested fees and costs, and agrees that they are reasonable. *Id* at 3. The Court has reviewed the Plaintiff's request, as well as the evidence submitted in support of the request, and finds that the Plaintiff's requested fee and the hours spent prosecuting this matter to be reasonable.[1] (*See* Doc. 12-1); *see, e.g.*, *Rogers v. Astrue*, 2015 WL 9239000, at *3 (W.D.N.C. Dec. 17, 2015) (Voorhees, J.).

Pursuant to the power of this Court to award fees to a prevailing party other than the United States incurred by that prevailing party in a civil suit against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act, 28 U.S.C.

---

[1] Although the Motion does not specify counsel's hourly rate, dividing the total fee requested by the hours worked results in a rate of approximately $178.38 per hour. Finding this hourly rate reasonable, this Court exercises its authority to raise the statutory maximum billing rate in conjunction with the consumer price index. *See* 28 U.S.C. § 2412(d)(2)(A); *Sullivan v. Sullivan*, 958 F.2d 574, 577 (4th Cir. 1992).

§ 2412, Plaintiff's Motion for Attorney Fees (Doc. 12) is **GRANTED**. Accordingly, Plaintiff is awarded attorney's fees in the amount of $4,950.00 and court costs in the amount of $400.

Pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586 (2010), attorney's fees are payable to Plaintiff as the prevailing party, subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff might owe to the federal government. Following the entry of this order, if the Commissioner determines Plaintiff owes no debt to the federal government which must offset, the Commissioner may honor Plaintiff's October 2016 assignment of EAJA fees, thus permitting payment of such EAJA fees to Plaintiff's counsel, rather than to the Plaintiff herself. (Doc. 12-2). However, if Plaintiff is found to owe any offsetting debt to the federal government, the Commissioner shall pay any remaining attorney's fees to Plaintiff's counsel in accordance with the above agreement.

**SO ORDERED.**

Signed: July 5, 2017

Richard L. Voorhees
United States District Judge